UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GLORIA MONTOYA RAMIREZ-SANTIAGO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> D.C. GOVERNMENT, ) <br> ) <br> Defendant. ) | Civil Action No. 24-00831 (UNA) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether

the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has sued the District of Columbia "& its Employees especially DC Motor Vehicles." Compl. Caption. In the one-page complaint, Plaintiff alleges, to the extent intelligible, that she "filed a crime victim compensation claim with the USA federal and DC courts pertaining to a shooting and robberies at DC government buildings and a nearby transit center, local [unintelligible] clinic and few local merchants." Plaintiff asserts that "the shooting was and still [sic] directed at DC government."

Plaintiff does not state the basis of federal court jurisdiction, allege discernible facts to "give the defendant[ ] fair notice of what the claim is and the grounds upon which it rests,]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (citation omitted), and demand any relief. Consequently, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
Date: April 16, 2024                                    United States District Judge